COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| IN RE | § | No. 08-19-00198-CR |
| THE STATE OF TEXAS, | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |

## MEMORANDUM OPINION

The State of Texas, Relator, has filed a petition for a writ of mandamus ordering the Honorable Francisco X. Dominguez, judge of the 205th District Court, to vacate a discovery order allowing defendant/real party in interest Thomas DeCarlo to discover certain materials relied upon by the State's gang expert witness pretrial. We will deny the writ petition.

DeCarlo was indicted on one count of engaging in organized criminal activity as a member of the Bandidos Outlaw Motorcycle Gang. Co-defendant James Heredia was also indicted in Trial Court Cause No. 20170D02096 for engaging in organized criminal activity as part of the same gang. Heredia's case arose from the same incident that gave rise to the accusations in DeCarlo's case.

Both DeCarlo and Heredia filed similar motions for discovery of information relied on by the State's gang expert, El Paso Police Officer Francisco Balderrama. On May 2, 2019, Respondent issued an order in Trial Court Cause No. 20170D02096 permitting Heredia to discover

1

information from the State, subject to some limitations. On June 4, 2019, Respondent issued a discovery order in DeCarlo's case stating that DeCarlo's motion "should be GRANTED for the same reasons set forth in Cause No. 20170D02096 [Heredia's case]."

We reviewed the order that Respondent issued in Heredia's case in *In re State*, No. 08-19-00151-CR, 2020 WL 5105215, at *2 (Tex.App.--El Paso Aug. 31, 2020, orig. proceeding) (to be published) (detailing order in relevant part). This Court rejected the State's argument that a criminal defendant could only discover a State expert witness' name and contact information and nothing more under TEX.CODE CRIM.PROC.ANN. art. 39.14(b), and held that: (1) material relied on by the expert witness was discoverable under TEX.CODE CRIM.PROC.ANN. art. 39.14(a), and (2) the specific order issued by Respondent could not and did not require the State to create new records that did not already exist. *See In re State*, 2020 WL 5105215, at *9-10.

We again confirm in this companion mandamus action that Respondent did not abuse his discretion by allowing this discovery, again with the caveat that we do not construe this order as requiring the State to create new documents that are not already in existence, as such an order requiring the creation of new documents would likely be an abuse of discretion. *See id*.

For these reasons, this petition for a writ of mandamus is hereby denied.

JEFF ALLEY, Justice

January 15, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)

2